UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
HONG MAI,

                      Plaintiff,

          - against -

NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY
ASSISTANCE; NEW YORK CITY HUMAN
RESOURCE ADMINISTRATION; and
RITEAID PHARMACY,

                    Defendants.
---------------------------------------------------------x

**ORDER**
25-MC-1899 (PKC)

PAMELA K. CHEN, United States District Judge:

On October 19, 2000, the Honorable Allyne R. Ross entered an order enjoining Hong Mai from filing any new actions in this Court without first obtaining leave to file. *See Mai v. NYS Dept. of Welfare, et al.*, No. 00-CV-5914 (ARR) (CLP), slip op. (E.D.N.Y. Oct. 10, 2000). On May 8, 2025, Ms. Mai submitted a motion for leave to file a complaint, (Dkt. 1), accompanied by a new proposed complaint, (Dkt. 2), and a motion to proceed *in forma pauperis* ("IFP"), (Dkt. 3). Ms. Mai's motion for leave to file is denied, and the motion to proceed IFP is denied as moot.

## DISCUSSION

In her proposed complaint, Ms. Mai states that she was given a prescription for Clotrimazole 1% topical cream to treat ringworm. (Dkt. 2 at ECF[1] 1.) She claims that she went to fill the prescription at Defendant Rite Aid Pharmacy on June 28, 2024, and the medicine they gave her was labeled for "Athlete's Foot." (Dkt. 2 at 1.) She attaches a photograph of the box that

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

includes her prescription label for Clotrimazole 1% topical cream as well as the label on the box stating: "Athlete's Foot Cream Clotrimazole Cream USP 1% Antifungal Cream."[2]  (*Id.* at 4.)

Ms. Mai claims that she submitted requests for a fair hearing to Defendant New York State Office of Temporary and Disability Assistance ("NYSOTDA") on July 4, 2024, and August 20, 2024.  (*Id.* at 1–2.)  She attaches letters from the NYSOTDA stating first that they were unable to understand her request for a fair hearing and then that the issue of incorrect medication "is not a hearable issue within the purview of the administrative hearing process."  (*Id.* at 7, 9.)  Ms. Mai asks this Court to direct the Defendants to appear before the Court and to submit documents and requests that she be given "the correct medicine."  (*Id.* at 2.)  She claims this issue is subject to review "pursuant to Article 78 of the civil practice law and rules."  (*Id.* at 1–2.)  In her request for leave to file, Ms. Mai states that she is disabled and "need[s] the medicine."  (Dkt. 1 at ECF 2.)

Having considered the proposed complaint and the request for leave to file, the Court concludes that Ms. Mai has not presented valid reasons for lifting the filing injunction against her.  *See Biton v. Verilli*, Nos. 17-MC-803 & 17-MC-804 (LDH), 2017 WL 6383885, at *1 (E.D.N.Y. May 15, 2017) (denying plaintiffs' applications for leave to file new complaints where barred litigant's "request does not provide any valid reason to allow the proposed actions to go forward").  Ms. Mai has not established any basis for this Court to intervene in medication labeling issues or to provide her the relief she seeks.  To the extent Ms. Mai invokes Article 78 of New York's Civil Practice Law and Rules, (*see* Dkt. 2 at 1–2), federal courts are not subject to New York State procedural rules and have no jurisdiction over claims invoking Article 78.  *See Beckwith v. Erie*

---

[2] The Court researched the uses of Clotrimazole 1% topical cream on a website operated by the National Institutes of Health, which describes its uses: "For the treatment of most athlete's foot (tinea pedis), jock itch (tinea cruris), ringworm (tinea corporis)." https://www.dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?setid=e11ddb7d-a921-429c-b3ee-5e5e8f56c7ad (last visited 5/15/25).

2

*Cnty. Water Auth.*, 413 F. Supp. 2d 214, 226–27 (W.D.N.Y. 2006) ("[T]his court has no original or supplemental subject matter jurisdiction over [plaintiff's] Article 78 proceeding as neither federal nor New York state law empower the federal courts to consider such claims, and, under New York law, authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in New York Supreme Court.")

## CONCLUSION

The Court therefore denies Ms. Mai's motion for leave to file the proposed complaint. The motion to proceed IFP is denied as moot. The Order barring Ms. Mai from filing future complaints without leave of the Court remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to close this matter and mail a copy of this order to Ms. Mai.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 22, 2025
       Brooklyn, New York